

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

State Board of Dental Examiners
Austin, Texas

Gentlemen:

Attention - Mr. Carl C. Hardin, Jr.,
Executive Secretary.

Opinion No. 0-5689

Re: Whether or not a dentist with-
out a license in Texas may do dental
work in a State department or insti-
tution.

You ask the following question upon which you re-
quest an opinion from this Department:

"Because of the shortage of dentists,
people are constantly asking whether or
not a dentist without a license in Texas
can do dental work in a state department
or institution."

The power of the State to regulate the practice
of dentistry exists in virtue of the police power to pro-
tect the public health precisely the same as the practice
of medicine is thus regulated. Article 4543 of the Revised
Civil Statutes is as follows:

"No person shall practice or offer, or
attempt to practice dentistry or dental sur-
gery in this State, without first having ob-
tained a license from the State Board of
Dental Examiners, as provided for in this
law, provided that physicians and surgeons
may, in the regular practice of their pro-
fession, extract teeth or make application
for the relief of pain. Nothing herein ap-

plies to any person legally engaged in the
practice of dentistry in Texas at the time
of the passage of this law."

Article 4551a declares:

"Any person shall be regarded as prac-
ticing dentistry within the meaning of this
Chapter:

"(1) Who publicly professes to be a den-
tist or dental surgeon or who uses or per-
mits to be used for himself or for any other
person, the title of 'Doctor', 'Dr.' 'Doctor
of Dental Surgery', 'D. D. S.', 'Doctor of
Dental Medicine', 'D. M. D.' or any other let-
ters, title, terms or descriptive matter which
directly or indirectly represents him as being
able to diagnose, treat, remove stains or con-
cretions from teeth, operate or prescribe for
any disease, pain, injury, deficiency, deform-
ity or physical condition of the human teeth,
alveolar process, gums or jaws.

"(2) Who shall offer or undertake, by any
means or methods whatsoever, to diagnose, treat,
remove stains, or concretions from teeth, or
shall treat, operate or prescribe, by any means
or methods, for any disease, pain, injury, de-
ficiency, deformity or physical condition of the
human teeth, alveolar process, gums or jaws, and
charge therefor, directly or indirectly, money
or other compensation."

Article 747 of the Penal Code is as follows:

"It shall be unlawful for any person to
practice, or offer to practice, dentistry in
this State or hold himself out as practicing
dentistry in this State without first having
obtained a license from the State Board of
Dental Examiners. Said license must be sign-
ed by all members of the Board and shall have
a small photograph of the licensee attached
thereon which must be partially covered by
the official seal of the Board."

State Board of Dental Examiners - page 3

- Article 751 of the Code declares:

"Any person authorized to practice dentistry or dental surgery in this State either under this or any former law of Texas, shall place his license on exhibition in his office where said license shall be in plain view of patients. No such person shall do any operation in the mouth of a patient, or treat any lesions of the mouth or teeth, without having said license so exhibited."

Article 754a (Vernon's codification of the Code) defines practicing dentistry as follows:

"Any person shall be regarded as practicing dentistry within the meaning of this Chapter:

"1. Who publicly professes to be a dentist or dental surgeon or who represents himself as being able to diagnose, treat, remove stains or concretions from teeth, operate or prescribe for any disease, pain, injury, deficiency, deformity or physical condition of the human teeth, alveolar process, gum or jaws. * * *"

The Court of Criminal Appeals in Hawkins v. State, 125 S. W. (2) 580, held that an information charging that one had publicly professed to be a physician or surgeon, and had offered to treat any disease or order, mental or physical, charged the offense of unlawful practice of medicine, within the language of a similar statute, to the one hereinabove quoted, defining the practice of dentistry.

We need not to argue, we need not to construe the above statutes, we need only to read them to discover the intention of the Legislature, and that intention is that no one may practice dentistry without a license therefor.

There is no reason that could be assigned why persons in need of dental services should not have the

State board of Dental Examiners - page 4

same protection of law vouchsafed to the public general-
ly, even though he be an employee of a State department,
a student of a State school, or an inmate of a State in-
stitution.

Your question, therefore, is answered in the
negative.

Our Opinion No. O-3600, a copy of which is at-
tached, may be helpful to you.

APPROVED NOV 2, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Ocie Speer
Assistant

OS-MR